E-FILED — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-472-GHK (JEMx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | *Martial Etame, et al. v. Copart, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Remanding Action to State Court

On January 21, 2014, Defendant Bank of America, N.A. ("Defendant") removed the above-titled action to this Court on the basis of federal question jurisdiction. Thereafter, Plaintiffs timely filed a First Amended Complaint ("FAC") that eliminated the sole federal claim and destroyed our federal question jurisdiction. Because no independent basis for jurisdiction appears on the face of Plaintiffs' First Amended Complaint and retaining supplemental jurisdiction over Plaintiffs' state law claims would be inappropriate at this early stage of the litigation, we ordered Defendant to show cause as to why a basis for original jurisdiction exists in this action. We warned Defendant that its failure to timely and adequately show case as required by our Order would be deemed Defendant's admission that no basis for original jurisdiction exists, and in that event, we would exercise our discretion to decline supplemental jurisdiction over Plaintiffs' state law claims and remand this matter to the state court from which it was removed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

On April 25, 2014, Defendant timely responded to our OSC. In its Response, Defendant argues that diversity jurisdiction exists in this action. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceeds $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Defendant's Response satisfactorily establishes that the Parties are completely diverse. However, it does not meet its burden of establishing that the amount in controversy exceeds $75,000.

Plaintiff's First Amended Complaint ("FAC") seeks damages over $25,000 based on Defendant's allegedly wrongful withdrawal of a $13,500 check. (FAC ¶ 20). Where, as here, the amount in controversy is "unclear or ambiguous" on the face of the complaint, Defendant must show by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). To discharge its burden and overcome the "strong presumption" against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), Defendant must proffer evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

E-FILED — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-472-GHK (JEMx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | *Martial Etame, et al. v. Copart, Inc., et al.* | | |

      Defendant argues that two pieces of evidence, taken together, show that the amount in controversy requirement is satisfied: (1) a letter in which Plaintiffs offer to settle this matter with Defendant for $54,000, and (2) a related state court complaint in which Plaintiffs sought a minimum of $25,000 from co-defendant Copart, Inc. ("Copart"), which Plaintiffs suggest is jointly liable with Defendant for their tort claims. Given that Plaintiffs have not disavowed their $54,000 settlement offer, it appears to be a reasonable valuation of their claims against Bank of America. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, because this settlement offer is $21,000 shy of the jurisdictional threshold, it does little to establish that the amount in controversy requirement is satisfied. Defendant attempts to make up this $21,000 deficit by arguing that the $54,000 settlement offer should be "aggregated with the minimum $25,000 amount that Plaintiffs likely seek from defendant Copart," "because Plaintiffs seek to hold both Bank of America and Copart jointly liable in tort." (Resp. 5). Defendant offers no explanation, however, as to why we should not construe the $54,000 settlement offer as already accounting for Plaintiffs' tort claims. Instead, it merely assumes that the value of Plaintiffs' tort claims should be added to the amount of Plaintiffs' settlement offer. We will not make this same assumption, as "[c]onclusory allegations as to the amount in controversy are insufficient" to discharge Defendant's burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). As a result, Plaintiffs' offer to settle this case with Defendant for $54,000 stands as the only evidence of the amount in controversy. Accordingly, Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

      In light of the foregoing, we lack original jurisdiction over Plaintiffs' state law claims. Moreover, retaining supplemental jurisdiction over these state law claims would be inappropriate at this early stage of the litigation. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, this action is hereby **REMANDED** to the state court from which it was removed. *See Carnegie-Mellon Univ.*, 484 U.S. at 357. Defendant's Motion to Dismiss [Dkt. No. 12], is **DENIED** without prejudice to its renewal in state court.

      **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |